RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O'Neil Dema, as Natural Father of Child H.R.D. (D.O.B. 1997),<br><br>Petitioners,<br><br>vs.<br><br>Arizona State Department of Economic Security, et al.,<br><br>Respondents. | No. CV 11-149-PHX-DGC (LOA)<br><br>**ORDER** |

On January 21, 2011, Petitioner Victor O'Neil Dema, who resides in Mesa, Arizona, filed a *pro se* "Petition For Writ Of Habeas Corpus In the United States District Court For And By A Child Detained In Unlawful State Custody For Two Years Pursuant To 28 U.S.C.A. § 2241(C)(3) and § 2254(a) & (b)" (Doc. 1).  The $5.00 filing fee has been paid.

**I.     Petition**

Petitioner Victor O'Neil Dema brings this habeas corpus action "in the interests" of his "Co-Petitioning child," who is identified as "H.R.D.," with a date of birth of "1997."

Named as Respondents in the Petition are the Arizona State Department of Economic Security (ADES) and the following Child Protective Services (CPS) "Caseworkers and Agents":  Bobbie Harris, Shayla Paap, Kendra Portillo, Amanda Jackson, and Karla Miller.

Petitioner Dema alleges that the Respondents have "custody of the above named child under color of state law in violation of the United States Constitution, laws and treaties under

U.S.C.A. Const. Amends. 1, 4, 5, 6, 8, 13, 14, Title 42 U.S.C.A. §[§] 1981, 1983 and 1985." In the Petition, Petitioner Dema asserts 24grounds for habeas corpus relief.

Petitioner Dema and his "Co-Petitioning child" seek "the issuance of the writ of habeas corpus *ad subjiciendum* for the freedom of the child into liberty from ongoing involuntary servitude and enslavement of the child by ADES."

## II.    Lack of Jurisdiction

In the case of Lehman v. Lycoming County Children's Services, 458 U.S. 502 (1982), the Supreme Court ruled, in a proceeding seeking a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, that federal habeas corpus jurisdiction does not extend to situations where, pursuant to a state court order, a child has been taken into custody by foster or adoptive parents. Id. at 511-16.  In so ruling, the Supreme Court noted that "the 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally had been challenged through federal habeas," and "[a]lthough a federal habeas corpus statute has existed ever since 1876, federal habeas has never been available to challenge parental rights or child custody." Id. at 511.

Because the instant habeas action challenges the custody of Petitioner Dema's minor child "H.R.D." in foster homes, this Court does not have jurisdiction to entertain the Petition. Accordingly, the Petition will be dismissed for lack of subject matter jurisdiction and judgment entered.

**IT IS ORDERED**:

(1)    The "Petition For Writ Of Habeas Corpus In the United States District Court For And By A Child Detained In Unlawful State Custody For Two Years Pursuant To 28 U.S.C.A. § 2241(C)(3) and § 2254(a) & (b)" (Doc. 1) and this action are **dismissed without prejudice** for lack of subject matter jurisdiction.

(2)    The Clerk of Court **must enter** judgment accordingly and **close** this case.

(3)    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court **declines to issue** a certificate of appealability because

reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 24th day of March, 2011.

_____
David G. Campbell
United States District Judge